UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RASHAD N. BROWN,<br>   Petitioner,<br>  v.<br>D. BAUGHMAN, Warden,<br>   Respondent. | Case No. 16-cv-05245-MEJ (PR)<br><br>**ORDER TO SHOW CAUSE** |

Petitioner, a prisoner currently incarcerated at California State Prison–Sacramento, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a conviction from San Francisco County Superior Court. He has paid the $5.00 filing fee.

## BACKGROUND

Following a jury trial in 2013, Petitioner was convicted of attempted murder, assault with a firearm, discharging a firearm at an inhabited dwelling, being a participant in a criminal street gang, and being a past-convicted felon in possession of a firearm. He was sentenced to 55 years to life in state prison. On December 8, 2015, the California Court of Appeal affirmed the judgment. The Supreme Court of California denied review. Petitioner reports that he did not file any state habeas petitions before filing this action. The instant action was filed on September 13, 2016.

## DISCUSSION

**A. Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

1  A district court shall "award the writ or issue an order directing the respondent to show
2  cause why the writ should not be granted, unless it appears from the application that the applicant
3  or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.      Petitioner's Claims**

As grounds for federal habeas relief, Petitioner claims that: (1) the trial court erred by denying his motion to sever his case from his co-defendant's case; (2) there was insufficient evidence to support the gang membership conviction; and (3) the trial court failed to instruct the jury that two or more people must be found to have committed the underlying felony together in order to find participation in a criminal street gang. Liberally construed, Petitioner's claims appear cognizable under § 2254 and merit an answer from Respondent. See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

## CONCLUSION

1.  The Clerk shall serve by mail a copy of this order and the petition and all attachments thereto (Docket No. 1), as well as a magistrate judge jurisdiction consent form, upon the Respondent and the Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on Petitioner.

2.  Respondent shall file with the Court and serve on Petitioner, within **sixty (60)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims found cognizable herein. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30)** days of the date the answer is filed.

3.  Respondent may file, within **sixty (60)** days, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the

1  Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight**
2  **(28)** days of the date the motion is filed, and Respondent shall file with the Court and serve on
3  Petitioner a reply within **fourteen (14)** days of the date any opposition is filed.

4     4. Petitioner is reminded that all communications with the Court must be served on
5  Respondent by mailing a true copy of the document to Respondent's counsel.  Petitioner must
6  keep the Court informed of any change of address and must comply with the Court's orders in a
7  timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute
8  pursuant to Federal Rule of Civil Procedure 41(b).  See Martinez v. Johnson, 104 F.3d 769, 772
9  (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

10     5. Upon a showing of good cause, requests for a reasonable extension of time will be
11  granted provided they are filed on or before the deadline they seek to extend.

12  **IT IS SO ORDERED.**

13  Dated: December 8, 2016

_____
MARIA-ELENA JAMES
United States Magistrate Judge